IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JAMIE AKERS,<br><br>　　　　Plaintiff,<br><br>v.<br><br>ASTRAZENECA PHARMACEUTICALS, L.P.,<br><br>　　　　Defendant. | Case No. CIV-23-1067-JD |

**DEFENDANT ASTRAZENECA PHARMACEUTICALS LP'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT AND BRIEF IN SUPPORT**

Nicholas ("Nick") V. Merkley,
OBA No. 20284
GableGotwals
BOK Park Plaza
499 W. Sheridan Avenue, Suite 2200
Oklahoma City, OK 73102
Telephone: (405) 235-5500
Facsimile: (405) 235-2875
nmerkley@gablelaw.com

Shawn D. Golden, OBA #21431
MORGAN, LEWIS & BOCKIUS LLP
1000 Louisiana Street, Suite 4000
Houston, TX 77002-5005
(713) 890-5000
shawn.golden@morganlewis.com

Jocelyn R. Cuttino
*(pro hac vice pending)*
Morgan, Lewis & Bockius, LLP
1111 Pennsylvania Avenue NW
Washington, DC 20004-2541
Telephone: (202) 739-3000
Facsimile: (202) 739-3001
jocelyn.cuttino@morganlewis.com

Daniel A. Kadish
*(pro hac vice pending)*
Morgan, Lewis & Bockius, LLP
101 Park Avenue
New York, NY 10178-0060
Telephone: (212) 309-6000
Facsimile: (212) 309-6001
daniel.kadish@morganlewis.com

*Counsel for Defendant,*
*AstraZeneca Pharmaceuticals, L.P.*

Defendant AstraZeneca Pharmaceuticals LP ("Defendant" or "AZ"), by and through undersigned counsel and pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, moves to dismiss with prejudice Plaintiff Jamie Akers' Complaint (Dkt. 1) for failure to state a claim upon which relief can be granted. The grounds for this motion are set forth in Defendant's opening brief below.

## I.   INTRODUCTION

Plaintiff Jamie Akers' Complaint should be dismissed under Federal Rule of Civil Procedure 12(b)(6) because it does not allege any facts supporting viable claims of religious discrimination under Title VII or the Oklahoma Anti-Discrimination Act. Plaintiff alleges disparate treatment based on her religion, but she has not established and cannot establish that she was treated any differently than other employees when she was terminated for refusing to be vaccinated against COVID-19. To the contrary, Plaintiff was treated the same way as any other employee who either did not request or did not qualify for an exemption from AstraZeneca's vaccination requirement. Plaintiff does not, as she cannot, identify a single individual who is outside her protected category who was treated more favorably than she was or allege any other plausible factual assertions indicating that she was discriminated against on the basis of her religious beliefs.

After conducting a meet and confer with AZ's counsel, Plaintiff voluntarily dismissed all of her claims other than religious discrimination from the Complaint, including Counts II, III, and IV. (Dkt. 14).

For these reasons, and as further discussed below, the Court should dismiss the Complaint in its entirety.

1

## II. PLAINTIFF'S ALLEGATIONS[1]

### A. AZ Announces COVID-19 Vaccine Mandate for All U.S. Employees.

In early 2022, AZ communicated the process for requesting an exemption to its COVID-19 vaccination mandate to all U.S.-based employees, including Plaintiff. *See* Exhibit 1 (AZ's Vaccination Communication); *see also* Compl. ¶¶ 17-23.[2] This communication explained that "all US-based employees are required to provide proof of COVID-19 vaccination or go through the process to request a legal exemption." See Exhibit 1. It further stated that employees could "[a]pply for medical, religious, or any applicable state exemptions" and that *"[e]mployees who decline vaccination should understand this may result in the termination of your employment at AstraZeneca."* *Id.* (emphasis in original).

### B. Plaintiff's Request for an Exemption From the Vaccination Requirement Was Based on Non-Religious Considerations.

Plaintiff timely submitted an exemption request to AZ's vaccine mandate using a Religious Reasonable Accommodation Request Form (the "Request Form") that AZ

---

[1] AZ recounts the Complaint's allegations as true only for purposes of this Motion, and generally denies Plaintiff's allegations of discrimination and other alleged wrongdoing.

[2] The Court may review these documents, which are incorporated into the Complaint through the numerous references to the vaccination mandate, without converting this motion into a summary judgment motion. *See Pace v. Swerdlow*, 519 F.3d 1067, 1072 (10th Cir. 2008) (citing cases); *Phillips v. Rogers,* No. CIV-21-00955-PRW, 2022 WL 1748262, at *1 n.7 (W.D. Okla. May 31, 2022).

provided. Compl. ¶ 24; *see also* Exhibit 2 (Request Form).[3] When asked to describe the nature of her objection to the vaccination requirement, Plaintiff stated:

- As a Christian this violates my beliefs not only to my own body but to the lives of the unborn. Due to the fact that I have already had the virus, was successfully treated with therapeutics and recovered - my natural immunity is stronger than any experimental injection I might receive. According to the NIH Research Matters, immunity to the Corona virus can last anywhere between 8 months to 5 years.

When prompted to describe the basis of her sincerely held religious belief that purportedly prevented her from being vaccinated, Plaintiff further indicated:

- As a Christian, strong in my Catholic faith, it is against all tenets of my faith that I would dishonor my body which is the temple of the Holy Spirit. To be forced to put an experimental substance in my body goes against all my teachings. Due to the fact they have used fetal cell lines in production and testings of this injection - I do not want to be complicit, go against God's laws, put another's life in danger or be responsible for taking the life of the innocent baby to hypothetically benefit my own life.

*Id.* The Request Form also asked Plaintiff to provide information on how her purported religious beliefs affected other areas of her life, including if she had previously received other vaccines. *Id.* Plaintiff responded by writing:

- First, it is an experimental injection and is only approved for emergency use only. As a small child my parents vaccinated me. So now as an adult, who is responsible and in charge of what goes into my body. I do not agree with injecting myself with experimental toxins.

*Id.* Attached to Plaintiff's Request Form was a letter from Plaintiff's pastor, which purported to explain "how the Catholic Church's teachings may lead individual Catholics... to decline certain vaccines." *See* Compl. ¶ 25-26; Exhibit 2 at 5. This letter, among other

---

[3] Plaintiff submitted her Request Form as an interactive pdf. A complete copy of the information Plaintiff submitted is included on pages 6–7 of Exhibit 2.

3

things, indicated: (1) "the Catholic Church does not prohibit the use of most vaccines, and generally encourages them to safeguard personal and public health"; (2) specific to COVID-19 vaccines, "[w]hen there is a sufficiently serious reason to use the product and there is no reasonable alternative available, the Catholic Church teaches that it may be permissible to use the immorally sourced product under protest"; (3) a Catholic conscience is the product of informed or "certain" judgement, not independent and arbitrary decisions; and (4) a person's assessment of whether the benefits of a medical intervention outweigh the undesirable side-effects are to be respected. *Id.* This letter concluded by quoting the *Catechism* and emphasizing that "Man has the right to act in conscience and in freedom so as personally to make moral decisions." *Id.*

### C. Plaintiff's Follow-up Communications in the Interactive Process Did Not Provide Any Further Information About Her Beliefs.

After reviewing the information included in Plaintiff's Request Form, AZ contacted Plaintiff in late March 2022 and requested that she answer additional questions regarding her request. Compl. ¶ 10.[4] On March 23, 2022, Plaintiff responded and provided largely a copy/paste rendition of her already submitted Request Form. She further explained:

- I pray and ask the Holy Spirit to discern upon me while making hard and complicated decisions. After careful and prayerful discernment, it is within my good conscious not to take the covid-19 vaccine.

- [T]he ingredients of this vaccine were brought to my attention early on and after careful prayer, research and examination, in good conscious, I cannot take this vaccine.

*Id.*; *see also* Compl. ¶ 27.

---

[4] A complete copy of Plaintiff's responses to the follow-up questions is attached as Exhibit 3.

4

### D. After Plaintiff Chose to Remain Unvaccinated, AZ Terminated Her Employment For Failing to Comply with the Vaccine Mandate.

Having reviewed Plaintiff's Request and responses to the follow-up questions as part of the interactive process, AZ determined that Plaintiff was not qualified for an accommodation. Compl. ¶ 28. When Plaintiff chose to remain unvaccinated, AZ terminated her employment on April 29, 2022, pursuant to its nationwide vaccination requirement. Compl. ¶¶ 17, 38-39.

### III. LEGAL STANDARD

A court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In deciding a motion under Rule 12(b)(6), a court must "accept as true all well-pleaded factual allegations ... and view these allegations in the light most favorable to the plaintiff." *Casanova v. Ulibarri*, 595 F.3d 1120, 1124 (10th Cir. 2010). Such allegations, however, cannot be mere "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," and the court need not credit a plaintiff's "naked assertions" or "legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (a plaintiff may not rest merely on "labels and conclusions" or a "formulaic recitation of the elements of a cause of action"). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557).

While the court should accept *factual* allegations as true, allegations that are "no more than conclusions, are not entitled to the assumption of truth." *Id.* at 679; *see also Frey*

5

*v. Town of Jackson, Wyo.*, 41 F.4th 1223, 1233 (10th Cir. 2022). The pleading standard, therefore, "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678; *see also Blough v. Rural Elec. Coop, Inc.,* 689 F. App'x. 583, 588 (10th Cir. 2017).

## IV. ARGUMENT

Plaintiff has failed to state a discrimination claim under Title VII and Oklahoma state law because there are no facts to support her sole cause of action for religious discrimination based on disparate treatment.[5]

### A. Plaintiff's Title VII Disparate Treatment Religious Discrimination Claim Fails Because She Cannot Demonstrate She Was Terminated Under Circumstances Giving Rise to an Inference of Discrimination.

To state a *prima facie* case for religious discrimination disparate treatment, a plaintiff must show: (1) she is a member of a protected class because of her religious beliefs, (2) she met the employer's legitimate expectations, (3) she suffered an adverse action, and (4) similarly situated employees outside the protected class were treated more favorably, or the circumstances give rise to an inference of religious discrimination.

---

[5] Plaintiff's claim arises out of AZ's decision to terminate her employment for failing to comply with AZ's vaccine mandate after it denied her request for a religious exemption from that requirement. However, "Tenth Circuit and Supreme Court precedent instructs that a 'failure to accommodate' claim does not exist as a freestanding claim under Title VII. The Tenth Circuit has 'required an adverse employment action'—i.e., something in addition to the failure to accommodate—to support Title VII religious-accommodation claims." *Caspersen v. W. Union, LLC*, No. 23-cv-00923-NYW-SBP, 2023 WL 6602123, at *4 (D. Colo. Oct. 10, 2023) (quoting *Exby-Stolley v. Bd. of Cnty. Comm'rs*, 979 F.3d 784, 793 n.3 (10th Cir. 2020) (*en banc*)). Plaintiff does not reference AZ's purported failure to accommodate her religious beliefs anywhere in the First Cause of Action, which is the only claim she brings concerning religious discrimination. As such, AZ analyzes Plaintiff's claim as an intentional discrimination claim under Title VII.

6

*E.E.O.C. v. Flasher Co., Inc.,* 986 F.2d 1312, 1316 (10th Cir. 1992); *see also Carpenter v. Boeing*, 456 F.3d 1183, 1187 (10th Cir. 2006) ("Disparate treatment [arises when an] employer simply treats some people less favorably than others because of their ... religion ... [and] [p]roof of discriminatory motive is critical.") (internal quotations and additional citation omitted). Plaintiff's disparate treatment claim fails because Plaintiff does not plausibly allege that any AZ employee outside her religious group was treated more favorably than she was or that there are any circumstances giving rise to an inference of religious discrimination.

Multiple courts have dismissed the same type of religious discrimination disparate treatment claims Plaintiff raises, finding that where a defendant's vaccine mandate required all employees to be vaccinated and nothing in the applicable complaint indicates that employees with certain religious beliefs were treated differently than other employees, the plaintiff could not maintain a claim. *See, e.g., Leake v. Raytheon Techs. Corp.*, No. 22-CV-00436, 2023 WL 2242857, at *5 (D. Ariz. Feb. 27, 2023) ("Plaintiffs have not and cannot state a disparate treatment claim. All vaccination-exempt employees were treated the same, regardless of the reason for exemption. The vaccination mandate never mentioned religion and was therefore facially neutral, and Plaintiffs have not established that Defendant had a discriminatory intent in either issuing the vaccination mandate or implementing the health and safety protocols for vaccination-exempt employees. This alone is enough to defeat Plaintiffs' disparate treatment claim."); *Divine Equal. Righteous v. Overbrook Sch. for the Blind*, No. CV 23-846, 2023 WL 4763994, at *5 (E.D. Pa. July 26, 2023) (dismissing disparate treatment race discrimination claim based on a vaccine mandate because "the

sum of Plaintiffs' allegations tends to support, if anything, that [plaintiff] was fired because she, like the other Plaintiffs, refused to obtain the COVID-19 vaccination contrary to Defendant's policy"); *D'Cunha v. Northwell Health Sys.*, No. 22-CV-0988, 2023 WL 2266520, at *2 (S.D.N.Y. Feb. 28, 2023), *aff'd*, No. 23-476-CV, 2023 WL 7986441 (2d Cir. 2023) (dismissing claim where plaintiff did not "allege more favorable treatment of employees not in [her] protected group . . . [and] alleges she was terminated because [defendant] insisted that [she] take a vaccine—not because of her religion") (quotations omitted); *Shane v. Bio-Techne Corp.*, No. 22-CV-3039, 2023 WL 3936638, at *6 (D. Minn. Jun. 9, 2023) (dismissing claim where plaintiff did not "allege that [defendant] discharged him for any plausible reason other than his non-compliance with a mandatory vaccination policy," and rejecting allegation that defendant's policy was created "not as a response to newly available vaccines against a novel virus, but as part of a prejudicial crusade against religion"); *Gage v. Mayo Clinic*, No. 22-CV-02091, 2023 WL 3230986, at *2 (D. Ariz. May 3, 2023) (dismissing disparate treatment religious accommodation claims and explaining "Plaintiff does not describe her religious beliefs, allege membership in a religious group, or otherwise explain how she is a member of a protected class. Neither does the Complaint allege facts showing that similarly situated individuals outside of her protected class were treated more favorably"); *Doe(s) v. Pittsburgh Reg'l Transit*, No. 2:22-CV-01736, 2023 WL 4867850, at *8 (W.D. Pa. Jul. 31, 2023) (same).

    Here, like the cases above, Plaintiff alleges only that her employment was terminated for failing to comply with an employment requirement that applied to all AZ employees nationwide and that AZ was biased against Plaintiff based on her religious

8

beliefs. However, the Complaint confirms that AZ informed employees, including Plaintiff, before they submitted accommodation requests that if they did not get vaccinated or approved for an accommodation they "would have their employment terminated." Compl. ¶¶ 18–21.

Plaintiff's contention that AZ granted an unnamed younger employee's accommodation cannot save Plaintiff's Complaint from dismissal. Compl. ¶ 35. Plaintiff concedes that this person had a "substantially similar accommodation request" but provides no specific information on what this individual's request actually said. *Id.* Even assuming that this individual's request was similar to Plaintiff's, AZ granting that request only demonstrates that someone in the same protected category as Plaintiff was approved for an accommodation. This person is not someone outside Plaintiff's protected category and cannot be a comparator, and the approval of their request shows, at most, that AZ did not discriminate against individuals with substantially the same beliefs as Plaintiff. *See Khalik v. United Air Lines*, 671 F.3d 1188, 1194 (10th Cir. 2012) ("There are no allegations of similarly situated employees who were treated differently. There are no facts relating to the alleged discrimination. . . . Indeed, there is nothing other than sheer speculation to link the . . . termination to a discriminatory or retaliatory motive.").

Accordingly, these allegations are insufficient to maintain a claim. *See, e.g.*, *Ramseur v. Concentrix CVG Customer Mgmt. Grp. Inc.*, 467 F. Supp. 3d 316, 325 (W.D.N.C. Jun. 15, 2020), *aff'd*, 837 F. App'x 204 (4th Cir. 2021) (plaintiff "fails to establish a prima facie case of intentional religious discrimination because she has not provided evidence that other employees who had different beliefs were treated better than

9

she for engaging in similar conduct"); *Troulliet v. Gray Media Grp., Inc.*, No. 22-CV-5256, 2023 WL 2894707, at *6 n.4 (E.D. La. Apr. 11, 2023) (dismissing vaccine accommodation discrimination claims where the complaint did "not plead facts sufficient to find that [defendant] treated other similarly situated employees differently"); *Johnson v. Tyson Foods, Inc.*, No. 21-CV-01161-STA-JAY, 2023 WL 3901485, at *3 (W.D. Tenn. Jun. 8, 2023) ("In the present case, it is undisputed that Plaintiff was treated no differently than any other employee. All employees were required to be vaccinated by a certain date regardless of their religious beliefs. Accordingly, the portion of Plaintiff's claim four alleging disparate treatment is dismissed.").

For these reasons, the Court should dismiss Plaintiff's religious discrimination claim in the First Cause of Action.

    **B.**    <u>**Plaintiff's State Law Religious Discrimination Claim Also Fails As a Matter of Law.**</u>

Plaintiff asserts a claim of religious discrimination under Okla. Stat. tit. 25 § 1350. Compl. ¶ 45. Courts in this Circuit evaluate claims under the Oklahoma Anti-Discrimination Act ("OADA") using the same framework as claims brought under Title VII. *See, e.g., Parker-Taylor Indep. Sch. Dist. No. 19 of Carter Cnty.*, No. 21-CV-241-DES, 2023 WL 5532107, at *3 (E.D. Okla. Aug. 28, 2023) ("The Tenth Circuit has determined that a plaintiff's OADA claim fails if her federal discrimination claims fail.") (citing cases); *Burr v. Mittal*, No. 23-CV-071-CVE-JFJ, 2023 WL 5019910 (N.D. Okla. Aug. 7, 2023) ("OADA claims are evaluated under the same framework as federal

employment discrimination claims under Title VII, and a claim that fails under Title VII will also fail under the OADA.").

Advancing no additional factual allegations, Plaintiff's Oklahoma state law claim fails for the reasons stated above.

### C. Plaintiff Should Not Be Afforded Leave to Amend.

As a matter of law, Plaintiff's allegations cannot support the claims that she has asserted. Leave to amend can be denied when there is no possibility that an amendment will save a meritless claim. *See Full Life Hospice, LLC v. Sebelius,* 709 F.3d 1012 (10th Cir. 2013) ("A proposed amendment is futile if the complaint, as amended, would be subject to dismissal.") (citing *Bradley v. Val–Mejias*, 379 F.3d 892, 901 (10th Cir. 2004)).

Here, there is no amendment that could salvage Plaintiff's claims. *See Mullen v. AstraZeneca Pharms., LP*, No. CV 23-3903, 2023 WL 8651411, at *5 (E.D. Pa. Dec. 14, 2023) (explaining that dismissal with prejudice was appropriate in a vaccine mandate discrimination case also filed against AstraZeneca because "Plaintiff has already provided his full application for an accommodation and his follow-up communications with Defendant . . . and amendment cannot cure the insufficiency of what was actually communicated to Defendant"). As such, the Court should not grant Plaintiff leave to amend.

### V. CONCLUSION

For these reasons, AstraZeneca respectfully requests the Court dismiss Plaintiff's Complaint with prejudice.

11

Dated: January 26, 2024                           Respectfully submitted,

*/s/ Nicholas V. Merkley*
Nicholas ("Nick") V. Merkley, OBA #20284
GABLEGOTWALS
BOK Park Plaza
499 W. Sheridan Ave., Suite 2200
Oklahoma City, OK 73102
(405) 235-5500
nmerkley@gablelaw.com

*/s/ Shawn D. Golden*
Shawn D. Golden, OBA #21431
MORGAN, LEWIS & BOCKIUS LLP
1000 Louisiana Street, Suite 4000
Houston, TX 77002-5005
(713) 890-5000
shawn.golden@morganlewis.com

Jocelyn R. Cuttino, *pro hac vice pending*
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Avenue NW
Washington, DC 20004-2541
(202) 739-3000
jocelyn.cuttino@morganlewis.com

Daniel Kadish, *pro hac vice pending*
MORGAN, LEWIS & BOCKIUS LLP
101 Park Avenue
New York, NY 10178-0060
(212) 309-6000
daniel.kadish@morganlewis.com

*Attorneys for Defendant AstraZeneca Pharmaceuticals LP*

## CERTIFICATE OF SERVICE

      I hereby certify that on January 26, 2024, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing. Based on the records currently on file, the Clerk of the Court will transmit a Notice of Electronic Filing to the following ECF Registrants:

John C. Burns (pro hac vice forthcoming)
BURNS LAW FIRM
P.O. Box 191250
St. Louis, Missouri 63119
(314) 329-5040
john@burns-law-firm.com

Robert Newark, III
Attorney at Law
2575 Kelley Pointe Pkwy
Ste. 100
Edmond, OK 73013
P:(866) 230-7236
F:(888) 316-3398
robert@newarkfirm.com

*Attorneys for Plaintiff*
*Jamie Akers*

                                                                s/ Nicholas V. Merkley
                                                                 Nicholas ("Nick") V. Merkley