IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JAMIE AKERS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-23-01067-JD |
| ) | |
| ASTRAZENECA PHARMACEUTICALS, ) | |
| LP, ) | |
| ) | |
| Defendant. ) | |

**ORDER**

Before the Court is Defendant AstraZeneca Pharmaceuticals, LP's ("AstraZeneca") Motion to Dismiss ("Motion") [Doc. No. 16], which seeks dismissal of Plaintiff Jamie Akers's ("Akers") complaint [Doc. No. 1] for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). Akers responded in opposition [Doc. No. 22], and AstraZeneca replied [Doc. No. 23]. For the reasons stated below, the Court denies AstraZeneca's Motion.

**I.    BACKGROUND**[1]

Akers worked for AstraZeneca for approximately 15 years, most recently in sales. Compl. [Doc. No. 1] ¶¶ 13–14. In August 2021, AstraZeneca required its employees to begin testing weekly for COVID-19. *Id.* ¶ 15. Then, in January 2022, AstraZeneca announced that all employees would need to verify that they received a COVID-19

---

[1] As explained below, the Court recounts the facts based on the well-pleaded allegations and construes them in the light most favorable to Akers, and the Court considers the religious accommodation request form.

vaccination to remain employed there. *Id.* ¶ 17. The next month, AstraZeneca notified employees that if they qualified for a medical or religious exemption to the vaccination policy, they could continue weekly testing for COVID-19 rather than receive the vaccine. *Id.* ¶¶ 20–21.

Akers applied for a religious exemption to the vaccination policy. *Id.* ¶ 24. In her application, Akers stated that, as a Catholic, she objected to using medications generated using aborted fetal cells and her belief that the vaccine would defile the sanctity of her body. *Id.* ¶¶ 25–26. She also noted her distrust of the "experimental injection" and her belief that the "natural immunity" she developed after previously contracting the virus would prevent COVID-19 more effectively than the vaccine. [Doc. No. 16-2 at 1]. Akers attached a letter from a Catholic pastor, who explained that Akers has "a moral duty to refuse the use of medical products, including certain vaccines that are created using human cell lines derived from abortion," and that she "is morally required to obey . . . her conscience." Compl. [Doc. No. 1] ¶ 25. "Therefore," the letter concluded, "if a Catholic comes to an informed judgment that he or she should not receive a vaccine, then the Catholic Church requires that the person follow this judgment of conscience and refuse the vaccine." *Id.*

AstraZeneca rejected Akers's request for a religious accommodation, citing in part the "undue hardship" that would result from "business disruption/increased costs resulting from illness-related absences." *Id.* ¶¶ 28, 32. However, AstraZeneca approved a "substantially similar accommodation request" from a younger employee who did not belong to Akers's church. *Id.* ¶¶ 35, 37. Having rejected Akers's request for an

accommodation, AstraZeneca terminated Akers without severance on April 29, 2022, because of her refusal to receive the COVID-19 vaccination. *Id.* ¶¶ 38–39.

Akers then filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC") on September 6, 2022. *Id.* ¶ 10. After the EEOC dismissed her Charge of Discrimination, Akers filed this suit, asserting claims of religious discrimination under Title VII of the federal Civil Rights Act of 1964 and the Oklahoma Anti-Discrimination Act. *Id.* ¶¶ 11, 45.

## II.  LEGAL STANDARD

"To survive a motion to dismiss" under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Under this standard, the Court must "accept the well-pleaded facts alleged as true and view them in the light most favorable to the plaintiff." *Clinton v. Sec. Benefit Life Ins. Co.*, 63 F.4th 1264, 1275 (10th Cir. 2023). However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," and the Court must "draw on its judicial experience and common sense" to determine whether a complaint states a plausible claim for relief. *Iqbal*, 556 U.S. at 678–79. "In other words, dismissal under Rule 12(b)(6) is appropriate if the complaint alone is legally insufficient to state a claim." *Brokers' Choice of Am., Inc. v. NBC Universal, Inc.*, 861 F.3d 1081, 1104–05 (10th Cir. 2017).

"Generally, a court considers only the contents of the complaint when ruling on a 12(b)(6) motion." *Clinton*, 63 F.4th at 1275 (quoting *Berneike v. CitiMortgage, Inc.*, 708 F.3d 1141, 1146 (10th Cir. 2013)). However, "[e]xceptions to this general rule include the following: documents incorporated by reference in the complaint; documents referred to in and central to the complaint, when no party disputes its authenticity; and matters of which a court may take judicial notice." *Id.* (alteration in original) (quoting *Berneike*, 708 F.3d at 1146). Although Akers's complaint does not expressly incorporate it by reference, the Court considers Akers's religious accommodation request form because she repeatedly refers to the application in her complaint, Compl. [Doc. No. 1] ¶¶ 24–28, the request is central to her complaint, and Akers does not dispute the authenticity of the document attached to the Motion as Exhibit 2. *See N. Arapaho Tribe v. Becerra*, 61 F.4th 810, 814 (10th Cir.), *cert. granted*, 144 S. Ct. 419 (2023), *aff'd sub nom. Becerra v. San Carlos Apache Tribe*, 144 S. Ct. 1428 (2024) (considering documents referenced in the complaint on a Rule 12(b)(6) motion where the documents are central to the complaint and the parties do not dispute their authenticity).

### III. <u>ANALYSIS</u>

AstraZeneca seeks dismissal of Akers's claim, arguing that she has failed to state a claim under either Title VII or the Oklahoma Anti-Discrimination Act ("OADA").

#### A.     **Akers has sufficiently pleaded a claim under Title VII.**

Title VII of the Civil Rights Act of 1964 makes it unlawful for an employer "to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such

individual's . . . religion." 42 U.S.C. § 2000e-2(a)(1). This proscription is "often referred to as the 'disparate treatment' (or 'intentional discrimination') provision" of Title VII. *E.E.O.C. v. Abercrombie & Fitch Stores, Inc.*, 575 U.S. 768, 771 (2015). The statute defines "religion" as including "all aspects of religious observance and practice, as well as belief, unless an employer demonstrates that he is unable to reasonably accommodate to an employee's or prospective employee's religious observance or practice without undue hardship on the conduct of the employer's business." 42 U.S.C. § 2000e(j).

Considering these provisions together, the Supreme Court has established that plaintiffs can bring "disparate-treatment claims based on a[n employer's] failure to accommodate a religious practice." *Abercrombie*, 575 U.S. at 773. To establish a prima facie failure-to-accommodate claim, an employee must show "that 1) the employee has a bona fide religious belief that conflicts with a job requirement, 2) the employee informed the employer of this conflict; and 3) the employer fired the employee for failing to comply with the job requirement." *Tabura v. Kellogg USA*, 880 F.3d 544, 549 (10th Cir. 2018). "While the 12(b)(6) standard does not require that Plaintiff establish a prima facie case in her complaint," assessing these elements can "help to determine whether Plaintiff has set forth a plausible claim." *Khalik v. United Air Lines*, 671 F.3d 1188, 1192 (10th Cir. 2012).

In determining whether an employee's bona fide religious belief conflicts with a job requirement, the Tenth Circuit has explained that "religious beliefs have a distinctive content related to ultimate ideas about life, purpose, and death." *E.E.O.C. v. Abercrombie & Fitch Stores, Inc.*, 731 F.3d 1106, 1119 (10th Cir. 2013), *rev'd and remanded on other*

5

*grounds*, 575 U.S. 768 (2015). However, "even if an applicant or employee claims to be acting for 'religious' reasons, if those reasons actually do not pertain to such ultimate ideas, then that person's conduct would fall outside the protective ambit of Title VII." *Id.* In the free-exercise context, the Supreme Court has warned that this kind of determination is "a difficult and delicate task," as "[c]ourts are not arbiters of scriptural interpretation." *Thomas v. Rev. Bd. of Ind. Emp. Sec. Div.*, 450 U.S. 707, 714, 716 (1981).

Akers has pleaded a plausible claim for relief under Title VII. First, Akers alleges that she has a bona fide religious objection to AstraZeneca's vaccination requirement. Akers's complaint describes her objection as rooted in her opposition to medications produced using aborted fetal cells and her belief that the vaccine would "defile the sanctity of her body," and she connects these beliefs to specific religious principles. AstraZeneca argues that Akers's objection was actually based only on personal justifications, not religious ones, including her views on the experimental nature of the vaccine and that she had "natural immunity" because she previously contracted COVID-19 and recovered. However, the Court determines that Akers's objection is sufficiently tied to "ultimate ideas about life, purpose, and death" to constitute a bona fide religious belief. *Abercrombie*, 731 F.3d at 1119. Even if Akers's objection was based both on religious and secular grounds, she has alleged facts permitting the plausible inference that her objection is tied to some aspect of "religious observance and practice, as well as

belief." 42 U.S.C. § 2000e(j).[2] To hold otherwise would fail to give effect to the statutory definition of "religion" and ignore the Supreme Court's admonitions not to act as an "arbiter[] of scriptural interpretation." *Thomas*, 450 U.S. at 716.

Second, Akers alleges that she informed AstraZeneca about the conflict between her religious beliefs and the vaccination requirement. According to the complaint, Akers applied for a religious accommodation to the vaccination policy, and that request detailed the nature of her religious objection. She alleges that she made this request in a timely manner and in accordance with AstraZeneca's guidance for submitting such applications.

Third, Akers alleges that she was fired for failing to comply with AstraZeneca's vaccination requirement after her request for an accommodation was rejected. Akers alleges that AstraZeneca informed her that she would be terminated on April 29, 2022, if

---

[2] Since the parties concluded their briefing on the Motion, other circuit courts have agreed. For instance, the Seventh Circuit recently held that "[a]n employee may object to an employer's vaccine mandate on both religious and non-religious grounds—for example, on the view that receiving the vaccine would violate a religious belief *and* implicate health and safety concerns." *Passarella v. Aspirus, Inc.*, 108 F.4th 1005, 1009 (7th Cir. 2024). "Congress permitted this," the Seventh Circuit reasoned, "as we see no other way to give effect to the breadth of its definition of 'religion.'" *Id.*; *see also Ringhofer v. Mayo Clinic, Ambulance*, 102 F.4th 894, 901–02 (8th Cir. 2024) (reversing a district court's dismissal, which "focus[ed] on specific parts of the complaints to rule the anti-vaccine beliefs 'personal' or 'medical'" because, when "read as a whole," the complaints plausibly pleaded religious beliefs in conflict with an employer's vaccine requirement); *Lucky v. Landmark Med. of Mich., P.C.*, 103 F.4th 1241, 1243 (6th Cir. 2024) ("[Plaintiff's] allegations of particular facts—she prayed, she received an answer, she acted accordingly— . . . . were almost self-evidently enough to establish, at the pleadings stage, that her refusal to receive the vaccine was an 'aspect' of her religious observance or belief."). While not binding law on this Court, the Court finds these sister circuit opinions persuasive.

she did not receive the vaccination. According to the complaint, AstraZeneca fired Akers on that date after she refused to get vaccinated.

These allegations are sufficient to state a claim for relief that is plausible on its face. Given these allegations, the Court can draw the reasonable inference that AstraZeneca failed to accommodate Akers's religious belief in violation of Title VII.[3]

### B.     Akers has stated a claim for relief under the OADA.

The OADA creates a "cause of action for employment-based discrimination," 25 Okla. Stat. § 1350(A), and forbids an employer "to discharge, or otherwise to discriminate against an individual with respect to compensation or the terms, conditions, privileges or responsibilities of employment, because of . . . religion," *id.* § 1302(A)(1). The statute includes an exhaustion requirement. "In order to have standing in a court of law to allege discrimination arising from an employment-related matter," an employee

> must, within one hundred eighty (180) days from the last date of alleged discrimination, file a charge of discrimination in employment with the Attorney General's Office of Civil Rights Enforcement or the Equal Employment Opportunity Commission alleging the basis of discrimination believed to have been perpetrated on the aggrieved party.

*Id.* § 1350(B). Akers satisfied this requirement by filing a Charge of Discrimination with the EEOC within this time frame after AstraZeneca terminated her employment.

---

[3] The parties also dispute whether Akers stated a claim under an intentional-discrimination theory. *See Khalik v. United Air Lines*, 671 F.3d 1188, 1192 (10th Cir. 2012). Because the Court holds that Akers has stated a claim under a failure-to-accommodate theory, it does not reach the parties' arguments regarding the intentional-discrimination theory. *See* Fed. R. Civ. P. 8(d)(2) ("If a party makes alternative statements, the pleading is sufficient if any one of them is sufficient.").

Section 1302(A)(1) of the OADA is *in pari materia* with Title VII's disparate treatment provision. The text of the two provisions is substantially similar, and both statutes were enacted to protect employees from discrimination by their employers based on protected characteristics such as religion. Section 1350(F), which provides that an employer defending against an employee's OADA action "may allege any defense that is available under Title VII of the Civil Rights Act of 1964," further demonstrates that the Oklahoma legislature enacted the OADA with an eye to Title VII. The Tenth Circuit has recognized the connection between these statutes, noting that "[t]he OADA is analyzed similarly to Title VII claims." *Jones v. Needham*, 856 F.3d 1284, 1292 (10th Cir. 2017); *see also Bennett v. Windstream Commc'ns, Inc.*, 792 F.3d 1261, 1269 (10th Cir. 2015) (holding that an employee's OADA claim failed for the same reasons her Title VII discrimination claim failed).

Therefore, the Court interprets Akers's OADA claim in-line with her Title VII claim and concludes that Akers has stated a plausible claim for relief under the OADA for the same reasons it concludes she has stated a claim under Title VII.

## IV. <u>CONCLUSION</u>

For these reasons, the Court DENIES AstraZeneca's Motion to Dismiss [Doc. No. 16].

IT IS SO ORDERED this 9th day of September 2024.

_____
JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE