IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

JAMIE AKERS,

        Plaintiff,

v.

ASTRAZENECA PHARMACEUTICALS, L.P.,

        Defendant.

Case No. CIV-23-1067-JD

**JOINT STATUS REPORT AND DISCOVERY PLAN**

Date of Conference: N/A

Appearing for Plaintiff: N/A

Appearing for Defendant: N/A

**Jury Trial Demanded** ☒[1] **- Non-Jury Trial** ☐

1. **BRIEF PRELIMINARY STATEMENT**. State briefly and in ordinary language the facts and positions of the parties to inform the judge of the general nature of the case.

    a. **Plaintiff:** Plaintiff asserts that Defendant violated Title VII and Oklahoma state law by denying her request for an accommodation to Defendant's COVID-19 vaccine mandate, treating her less favorably than other employees, and that her religious beliefs were a motivating factor in Defendant's decision to deny her request and then terminate her employment.

    b. **Defendant:** At this stage, after the Court has ruled on Defendant's motion to dismiss, the First Cause of Action in the Complaint is the only remaining cause of action. In that claim, Plaintiff asserts that Defendant violated Title VII and Oklahoma state law by denying her request for an accommodation to Defendant's COVID-19 vaccine mandate, treating her less favorably than

---

[1] Plaintiff demands a jury trial, but AstraZeneca denies her claims are eligible for a jury trial.

1

       other employees, and that her religious beliefs were a motivating factor in Defendant's decision to deny her request and then terminate her employment. However, Defendant appropriately denied Plaintiff's request for an accommodation for multiple reasons, including that Plaintiff clearly informed Defendant that she opposed vaccination because she viewed the vaccine as an "experimental injection" that was not properly approved. Plaintiff's request form indicated that she opposed vaccination for secular reasons and that she did not have a sincerely held religious belief that prohibited her from getting vaccinated. Additionally, Defendant treated Plaintiff the same way it treated other similarly situated employees and it only terminated Plaintiff's employment when she refused to get vaccinated. Her religious beliefs were in no way considered when AstraZeneca made the decision to terminate her employment. Therefore, Defendant denies Plaintiff's allegations, as set forth in its Answer. Dkt. 28.

2. **JURISDICTION**. State the basis on which the jurisdiction of the court is invoked and any presently known objections.

   a. **Plaintiff:** Plaintiff alleges claims which occurred in or around Oklahoma County and Oklahoma County is the judicial district for the United States District Court for the Western District of Oklahoma.

   b. **Defendant:** Defendant states Plaintiff purports to bring claims she alleges occurred in or around Oklahoma County and Oklahoma County is the judicial district for the United States District Court for the Western District of Oklahoma. As such, Defendant admits this Court has jurisdiction over the claims in this Action.

3. **STIPULATED FACTS**. List stipulations as to all facts that are not disputed, including jurisdictional facts.

   a. This Court is the proper jurisdiction for this Action.

   b. Plaintiff began working for AstraZeneca in February 2007.

   c. Plaintiff's title was Senior Biologics Sales Specialist.

   d. Plaintiff submitted an accommodation request to be exempted from AstraZeneca's COVID-19 vaccination mandate on or around February 26, 2022.

   e. AstraZeneca denied Plaintiff's accommodation request.

4854-7572-9907, v. 2

  f. After she refused to get vaccinated against COVID-19, AstraZeneca terminated Plaintiff's employment based on her unvaccinated status on April 29, 2022.

4. **CONTENTIONS AND CLAIMS FOR DAMAGES OR OTHER RELIEF SOUGHT**.

  a. **Plaintiff:** Plaintiff alleges damages associated with her claims in the First Cause of Action in her Complaint.

  b. **Defendant:** Defendant denies all of the allegations and assertions in connection with Plaintiff's contentions and claims for damages or other relief sought.

5. **APPLICABILITY OF FED. R. CIV. P. 5.1 AND COMPLIANCE**.

Do any of the claims or defenses draw into question the constitutionality of a federal or state statute where notice is required under 28 U.S.C. § 2403 or Fed. R. Civ. P. 5.1?

☐ Yes  ☒ No

6. **MOTIONS PENDING AND/OR ANTICIPATED** (include date of filing, relief requested, and date responsive brief to be filed).

At this time, the parties anticipate filing a joint Motion for Protective Order on confidentiality.

7. **COMPLIANCE WITH RULE 26(a)(1)**. Have the initial disclosures required by Fed. R. Civ. P. 26(a)(1) been made? ☐ Yes ☒ No

If "no," by what date will they be made? <u>The Parties agree to make their respective initial disclosures on or by **November 11, 2024**</u>.

8. **PLAN FOR DISCOVERY**.

  A The discovery planning conference (Fed. R. Civ. P. 26(f)) was held on October 28, 2024.

  B The parties anticipate that discovery should be completed within **9** months.

  C In the event ADR is ordered or agreed to, what is the minimum amount of time necessary to complete necessary discovery prior to the ADR session? **4 months**

3

D    Have the parties discussed issues relating to disclosure or discovery of electronically stored information, including the form or forms in which it should be produced, pursuant to Fed. R. Civ. P. 26(f)(3)(C)?

☒ Yes  ☐ No

E    Have the parties discussed issues relating to claims of privilege or of protection as trial-preparation material pursuant to Fed. R. Civ. P. 26(f)(3)(D)?

☒ Yes  ☐ No

To the extent the parties have made any agreements pursuant to Fed. R. Civ. P. 26(f)(3)(D) and Fed. R. of Evid. 502(e) regarding a procedure to assert claims of privilege/protection after production and are requesting that the court include such agreement in an order, please set forth the agreement in detail below and submit a proposed order adopting the same.

N/A

F    Identify any other discovery issues which should be addressed at the scheduling conference, including any subjects of discovery, limitations on discovery, protective orders needed, or other elements (Fed. R. Civ. P. 26(f)) which should be included in a particularized discovery plan.

None

9. **ESTIMATED TRIAL TIME**: 4 days

10. **BIFURCATION REQUESTED**:  ☐ Yes ☒ No

11. **POSSIBILITY OF SETTLEMENT**: ☐ Good  ☒ Fair ☐ Poor

12. **SETTLEMENT AND ADR PROCEDURES**:

A    Compliance with LCvR16.1(a)(1) - ADR discussion:  ☐ Yes ☐ No

B    The parties request that this case be referred to the following ADR process:

☐ Court-Ordered Mediation subject to LCvR16.3
☐ Judicial Settlement Conference
☐ Other _____
☒ None - the parties do not request ADR at this time.

4

13.  Parties consent to trial by Magistrate Judge?     ☐ Yes     ☒ No

14.  Type of Scheduling Order Requested. ☒ Standard - ☐ Specialized (If a specialized scheduling order is requested, counsel should include a statement of reasons and proposal.)

   a.  The parties request that the deadline to file dispositive motions be 30 days after the fact discovery deadline.

   b.  The parties further request that pre-trial filings be due 30 days after the deadline to file dispositive motions or 30 days after the Court issues a final ruling on any dispositive motions, whichever is later.

Submitted this 28th day of October.

| | |
|---|---|
| */s/ Robert C. Newark III* | */s/ Nicholas V. Merkley* |
| Robert C. Newark III, OBA #21992<br>THE NEWARK FIRM<br>2575 Kelley Pointe Parkway, Suite 100<br>Edmond, OK 73013<br>(866) 230-7236<br>robert@newarkfirm.com | Nicholas ("Nick") V. Merkley, OBA #20284<br>GABLEGOTWALS<br>BOK Park Plaza<br>499 W. Sheridan Ave., Suite 2200<br>Oklahoma City, OK 73102<br>(405) 235-5500<br>nmerkley@gablelaw.com |
| Jonathon C. Burns, *pro hac vice forthcoming*<br>BURNS LAW FIRM<br>PO Box 191250<br>St. Louis, MO 63119<br>(314) 329-5040<br>john@burns-law-firm.com | */s/ Shawn D. Golden*<br>Shawn D. Golden, OBA #21431<br>MORGAN, LEWIS & BOCKIUS LLP<br>1000 Louisiana Street, Suite 4000<br>Houston, TX 77002-5005<br>(713) 890-5000<br>shawn.golden@morganlewis.com |
| *Attorneys for Plaintiff Jamie Akers* | Jocelyn R. Cuttino, *pro hac vice forthcoming*<br>MORGAN, LEWIS & BOCKIUS LLP<br>1111 Pennsylvania Avenue NW<br>Washington, DC 20004-2541<br>(202) 739-3000<br>jocelyn.cuttino@morganlewis.com |
| | Daniel Kadish, *pro hac vice*<br>MORGAN, LEWIS & BOCKIUS LLP<br>101 Park Avenue<br>New York, NY 10178-0060<br>(212) 309-6000<br>daniel.kadish@morganlewis.com |
| | *Attorneys for Defendant AstraZeneca Pharmaceuticals LP* |

4854-7572-9907, v. 2

## CERTIFICATE OF SERVICE

I hereby certify that on October 28, 2024, a true and correct copy of the foregoing was electronically filed with the Clerk of the Court using the Court's CM/ECF system, which will send notification to all counsel of record.

*/s/ Nicholas V. Merkley*
Nicholas ("Nick") V. Merkley
